TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| HILARY RUBIN, an individual;<br><br>    Plaintiff,<br><br>  vs.<br><br>UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, a Political Subdivision of Clark County;<br><br>    Defendants. | CASE NO:<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

COMES NOW, Plaintiff HILARY RUBIN (hereinafter, "Plaintiff"), by and through her counsel, Trevor J. Hatfield, Esq., of the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendant as follows:

## NATURE OF THE ACTION

This is an age discrimination case in violation of the Age Discrimination in Employment Act of 1967, as amended (hereinafter the "ADEA"), due to Plaintiff having been terminated for her age, 64, at the time of her termination, and retaliation.

## PARTIES

1.    At all times relevant hereto, Plaintiff, residing in Clark County, Nevada, was and is an individual residing in the State of Nevada.  Plaintiff was an employee of Defendant.  Defendant is a Clark-county owned hospital organized under the laws of the State of Nevada and provides medical services to patients in Clark County, Nevada.

1

2.      Defendant regularly employs fifteen or more persons.  All acts which form the basis of this complaint occurred during Plaintiff's employment with Defendant.

3.      All of the acts alleged herein and or failures alleged herein were duly performed by and or are attributable to Defendant, acting by and through their agents and employees.  Said acts and or failures to act were within the scope of said agency and or employment, and Defendant ratified said acts and or omissions.

### JURISDICTION AND VENUE

4.      The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

5.      Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, all Defendants reside and/or regularly conduct business and where all the wrongful conduct occurred.

### ADMINISTRATIVE PREREQUISITES

6.      Plaintiff has complied with all the administrative prerequisites to action under the Age Discrimination in Employment Act of 1967, as amended, as follows:

7.      Plaintiff is a woman that was over 40 years of age at the time of termination. Plaintiff was discriminated against due to her age in violation of the Age Discrimination in Employment Act of 1967, as amended.  Plaintiff was terminated on or about November 17, 2021because of her age.

///

2

8.      Plaintiff timely filed a formal Charge of Discrimination with the Nevada Equal Rights Commission (hereinafter "NERC") on or about March 2022 alleging that Plaintiff was subjected to age discrimination in violation of the Age Discrimination in Employment Act of 1967 as amended.  Exhibit One.

9.      Plaintiff promptly and diligently accommodated all NERC requests for information and fully cooperated in the agency's investigation of this matter.

10.     Plaintiff has exhausted all available administrative remedies in accordance with the aforementioned statutes prior to instituting this civil action.

11.     Plaintiff received her Right to Sue from NERC on or about May 12, 2022 by e-mail. She then timely filed this action as to Defendant on August 9, 2022

12.     Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

## FACTUAL ALLEGATIONS

13.     Plaintiff is a Caucasian female.   She worked as an Admitting Discharge Representative for Defendant from May 24, 1999 to November 17, 2021.

14.     In July 2020, Defendant offered Plaintiff a retirement package to encourage her to retire.   Plaintiff declined the offer.   She then began to receive pretextual and undeserved disciplinary actions that other persons did not receive for the same alleged work performance violations.

15.     Plaintiff was asked over a half a dozen times why she was not retired.   Plaintiff began to have medical and emotional distress issues from being harassed at work for not retiring.

16.     Defendant hired an employee to replace Plaintiff that was under 40 years of age.

///

///

3

## <u>CAUSES OF ACTION</u>

**FIRST CAUSE OF ACTION**

**Age Discrimination in Violation of the**

**Age Discrimination in Employment Act of 1967, as amended; 29 U.S.C. § 623**

17.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the complaint as though set forth at length herein.

18.    Defendant's conduct as detailed herein, was in fact illegal.  Plaintiff was subjected to age motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified and tolerated by her employer.

19.    The Age Discrimination in Employment Act of 1967 and 29 U.S.C. § 623 make it unlawful for an employer to discriminate against any employee because of their age.

20.    Defendant singled Plaintiff out for termination due to her age, which was over 40 at the time of termination.

21.    Plaintiff is informed and believes that other individuals, not in her protected class, were treated better than her.

22.    As a direct and proximate result of Defendants' violation of the Age Discrimination in Employment Act of 1967 and 29 U.S.C. § 626, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial.  Therefore, she seeks all legal and equitable remedies available at law.

23.    Defendants' violation of the Age Discrimination in Employment Act of 1967 was willful.  Pursuant to 29 U.S.C. § 626(b), Plaintiff requests an award of liquidated damages subject to proof.

24.    Plaintiff is entitled to pre- and post-interest as well as attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

**Violation of Nevada Statutory Protections,**

**NRS 613.330, Unlawful Employment Practices**

25.    Plaintiff incorporates Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

26.    NRS § 613.330 makes it unlawful for an employer to permit sexual harassment, hostility in the workplace, or discriminate against any employee because of their age or gender. Defendant's conduct as detailed herein, was in fact illegal.  Plaintiff was subjected to age related and motivated discriminatory practices and actions in the workplace, all of which are illegal activities as directed, ratified and tolerated by her employer.  Plaintiff was discriminated against due to her age.

27.    As a direct and proximate result of Defendant's violation of N.R.S. § 613.330, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial.  Therefore, Plaintiff seeks all legal and equitable remedies available at law.

28.    Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

29.    As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

///

///

///

## REQUEST AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and damages against Defendants as follows:

1. An award to Plaintiff for back pay and front pay economic damages in amount to be shown according to proof;

2. An award to Plaintiff for liquidated damages under the ADEA;

3. An award to Plaintiff for reasonable attorney's fees and costs;

4. An award to Plaintiff for interest on any awards at the highest rate allowed by law; and

5. Such other and further relief as this Court deems just and appropriate.

Dated this 9th day of August 2022.

**HATFIELD & ASSOCIATES, LTD.**

By: /s/ *Trevor J. Hatfield*
Trevor J. Hatfield, Esq. (SBN 7373)
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
*Attorney for Plaintiff*